UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONNEA SYKES,<br><br>        Plaintiff,<br><br>    v.<br><br>F.D. THOMAS, INC., AN OREGON CORPORATION, et al.,<br><br>        Defendants. | Case No. 20-cv-03616-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT AND MOTION TO REMAND**<br><br>Re: Dkt. Nos. 22, 24 |

      The defendants' motion for summary judgment is granted on preemption grounds with respect to Sykes's claims for overtime and meal-period violations. But that motion is denied for the claims related to rest periods, vacation pay, business expenses, and the minimum wage. Sykes's motion to remand is granted for those latter four claims.

      As a preliminary matter, Sykes contends that because he only brought claims for penalties under the Private Attorneys General Act (PAGA), as opposed to bringing claims directly under the California Labor Code, there can be no complete preemption under the Labor Management Relations Act (LMRA). Although his argument is difficult to decipher, Sykes appears to contend as follows: (1) when citizens bring PAGA claims, they effectively stand in the shoes of the state; (2) the state can enforce its own wage-and-hour laws but cannot sue to enforce rights guaranteed by a collective bargaining agreement (CBA); (3) LMRA preemption is reserved for claims to enforce rights guaranteed by a CBA brought in the guise of state law; and

therefore (4) if a PAGA claim lacks merit because state law exempts CBAs from coverage, the answer is for the state court to dismiss the claim, not for the case to be removed to federal court on complete preemption grounds. There is also a federalism aspect to Sykes's argument—he seems to suggest that it would infringe upon state sovereignty to remove to federal court an action that has effectively been brought by a state official.

One key problem with this argument (and there may be more than one) is that federal preemption typically does not distinguish between actions brought by private parties and actions brought by the state. If federal law preempts a state law cause of action, it normally does so regardless of whether the action is brought by a state official or a private citizen. With the LMRA, a state law claim is completely preempted whenever its adjudication would substantially depend on interpretation of terms of a CBA. *See Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). Thus, any claim under the Labor Code whose adjudication would substantially depend on interpretation of a key term of the agreement would be completely preempted regardless of whether it was brought by a private citizen or state official. Thus, the fact that a PAGA plaintiff effectively stands in the shoes of state officials does not change the preemption analysis, and each of the alleged Labor Code violations must be analyzed individually under the Ninth Circuit's two-step test for complete preemption as set out in *Burnside*. *See Franco v. E-3 Systems*, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019); *Parker v. Cherne Contracting Corp.*, 2019 WL 359989, at *6 n.4 (N.D. Cal. Jan. 29, 2019); *see also Bradford v. Professional Technical Security Services Inc. (Protech)*, 2020 WL 2747767, at *6 n.6 (N.D. Cal. May 27, 2020).

*Overtime.* Sykes's claim that F.D. Thomas violated section 510 of the Labor Code by failing to pay him for after-hours work is preempted at *Burnside* step one. Section 510's

requirements do not apply to an employee working an alternative workweek schedule adopted in a CBA that complies with section 514. Cal. Lab. Code § 510(a)(2). A CBA complies with section 514 if it "provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Sykes's CBA meets these requirements. Thus, his right to overtime "exists solely as a result of the CBA" and is preempted by the LMRA. *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1032 (9th Cir. 2016); *see Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019).[1]

*Meal Periods*. The meal period claim is also preempted at step one. Section 512(e) exempts employees in a construction occupation from the meal period requirements of 512(a) if they are covered by a CBA that meets certain requirements. The CBA governing Sykes's employment meets those requirements: in addition to providing for wages, hours, and working conditions, it provides for meal periods and for final and binding arbitration of disputes concerning the application of its meal period provisions. As a result, Sykes's right to meal periods exists solely because of his CBA, and his claim is preempted. *Curtis*, 913 F.3d at 1155.

*Rest Periods.* Sykes's claim that F.D. Thomas failed to provide the rest periods required by section 226.7, however, is not preempted. Section 226.7 does not apply to employees who are exempt from rest period requirements pursuant to orders of the Industrial Welfare Commission (IWC). Cal. Lab. Code § 226.7(e). IWC's Wage Order 16, in turn, does not apply to workers covered by a valid CBA that "provides equivalent protection" as the wage order. Cal. Code Regs. tit. 8, § 11160(11). While Sykes's CBA reflects the protections found in subsection 11(A) of the

---

[1] The defendant's request for judicial notice is granted with respect to California's minimum wage history. *See* Docket No. 22-2.

wage order, it does not include the protections set forth in subsections 11(B)-(D). Therefore, the CBA does not have "equivalent protections," and Sykes's right to rest periods is conferred by state law. *See Mauia v. Petrochem Insulation, Inc.*, 2018 WL 3241049, at *8-9 (N.D. Cal. July 3, 2018).

Nor is the rest-period claim preempted at *Burnside* step two. The defendants have not shown that there is a dispute involving the relevant CBA terms or that particular requirements of the CBA involving rest periods will require more than a simple application. *See Kobold*, 832 F.3d at 1033; *Loaiza v. Kinkisharyo International, LLC*, 2020 WL 5913282, at *20 (C.D. Cal. Oct. 6, 2020).

*Vacation.* Sykes's claim for failure to pay accrued vacation time upon termination under section 227.3 also avoids preemption. Section 227.3 requires payment for accrued vacation time upon termination "unless otherwise provided by a collective-bargaining agreement." The defendants argue that because the CBA contains a general provision that addresses vacation pay, this by definition preempts the claim alleging section 227.3 violations. The lone sentence in the CBA on vacation pay states: "Vacation payouts to employees are to be made twice each year with distribution to be the first Friday in December and the first Friday in February of each year." This general language cannot be understood as an implicit waiver of the specific right conferred by section 227.3. *See Jaco v. Winco Holdings, Inc.*, 2019 WL 1438069, at *5 (E.D. Cal. Mar. 31, 2019); *Choate v. Celite Corp.*, 215 Cal. App. 4th 1460 (2013). And because the defendants have made no arguments about the meaning of the provision or why it might require interpretation at step two, the Court cannot conclude that the claim is preempted.

*Business Expenses.* Sykes's claim under section 2802, which requires employers to reimburse employees for "all necessary" business expenditures, is also not preempted. Cal. Lab.

Code § 2802. Sykes alleges that he had to purchase steel-toed boots, pants, and his own tools as a precondition of employment. Because Sykes alleges that he was *made* to buy various items, the expenditures can be considered "necessary" without looking to the CBA. Thus, the defendants are wrong to argue that the CBA requires interpretation at step two to determine whether each of Sykes's expenditures is "necessary and reasonable."

*Minimum Wage*. Sykes's claim that F.D. Thomas failed to pay a minimum wage under section 1197 also survives preemption. Cal. Lab. Code § 1197. On the surface, the claim seems preempted. Since the complaint fails to specify a theory for a minimum wage violation, one could easily assume that the claim is subsumed within the preempted overtime claim. But given the way Sykes characterizes the claim in his opposition—as an independent violation involving the total wages paid and total hours worked—the claim is not preempted. It is not preempted at step one because the right to a minimum wage is unwaivable. The defendants might have an argument at *Burnside* step two, but ultimately the defendants point to no concrete terms and practices that the Court would have to interpret to resolve the claim. Therefore, the Court cannot hold that it is preempted.

*Remaining Violations*: The remaining claims are remanded because—as agreed at the hearing—they are either derivative of the alleged violations that are not preempted or unaddressed by the defendants' motion for summary judgment.

\*\*\*

The matter is remanded to San Francisco Superior Court to adjudicate the claims discussed in this ruling that were not properly removed.

**IT IS SO ORDERED.**

Dated: February 2, 2021

_____

VINCE CHHABRIA
United States District Judge